UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TRAVIS BRENT OWENBY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:20-CV-113-DCLC-CRW |
| | ) |
| U.S. ATTORNEY GENERAL, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

The Court is in receipt of a pro se prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. 1] in which Petitioner, a federal pretrial detainee housed in the Butner Federal Medical Center in Butner, North Carolina, seeks relief under § 2241 from his pretrial detention for criminal charges against him in a proceeding before this Court, *United States v. Owenby*, 2:19-CR-080-DCLC-CRW-1 (E.D. Tenn., filed June 11, 2019) [Doc. 1 p. 1–10]. Petitioner also sets forth a number of complaints about the conditions of his federal confinement and other incidents during that confinement in his petition [*Id.* at 10–15]. Additionally, to establish his exhaustion of his available remedies for the claims in his petition, Petitioner states that his attorney "failed to bring [] up" or did not file an appeal regarding the issues presented therein [*Id.* at 15].

A writ of habeas corpus pursuant to § 2241 may be granted by "the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted this provision as requiring jurisdiction over a habeas petitioner's custodian, regardless of whether the petitioner is within the court's jurisdiction. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495(1973); *see also* 28 U.S.C. § 2243 (providing that "[t]he writ, or

order to show cause shall be directed to the person having custody of the person detained"). As this Court lacks jurisdiction over the Warden of the Butner Federal Medical Center in Butner, North Carolina, where Petitioner is confined, it lacks jurisdiction over Petitioner's claims for relief under § 2241.

Accordingly, the Clerk will be **DIRECTED** to transfer this action to the United States District Court for the Eastern District of North Carolina,[1] *see* 28 U.S.C. §§ 113(a) and § 1406(a), and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R:**

                                            s/Clifton L. Corker
                                            United States District Judge

---

[1] The Court takes judicial notice that Petitioner waived his right to a detention hearing in the underlying criminal action proceeding against him in this District, *Owenby*, 2:19-CR-080 [Doc. 8], and has never challenged his pretrial detention in that criminal action. However, Petitioner's statement in his petition that his counsel has "failed to bring [] up" or file an appeal regarding the claims in his § 2241 petition in the criminal case against him could be liberally construed to allege that Petitioner's counsel has refused to file a motion challenging Petitioner's pretrial detention in the criminal proceeding in this Court, and the Court is cognizant that Petitioner cannot file such a motion pro se in that criminal action because he is represented by counsel pursuant to this Court's local rule, E.D. Tenn. LR 83.4(c). Thus, Petitioner has at least arguably alleged that he has no available remedies in his criminal action for his claims for § 2241 relief, and the Court will transfer this action "in the interest of justice" pursuant to 28 U.S.C. § 1406(a).